UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11-cr-183 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| PAUL DAVID MUSGRAVE (1), | : | |
| RAYMOND GOLDBERG (2), | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' DISCOVERY MOTIONS**

This criminal case is before the Court on Defendant Musgrave's: (1) motion to compel discovery (Doc. 43); (2) motion for early disclosure of all grand jury transcripts and exhibits and other *Jencks* material (Doc. 44); and (3) motion to take the deposition of Gary Enz (Doc. 59). Also before the Court are Defendant Goldberg's: (1) motion for discovery (Doc. 52); (2) motion to produce exculpatory evidence (Doc. 53); (3) motion for *Jencks* act materials and preservation of agent's notes (Doc. 54); and (4) motion to exclude evidence of other acts (Doc. 55).[1] The Government filed responsive memoranda. (Docs. 62, 64, 65).

---

[1] Also pending before the Court is Defendant Goldberg's unopposed motion to join in any and all motions raised by other Defendants that affect him (Doc. 49) and Defendant Musgrave's unopposed motion to adopt and join in Docs. 51, 52, 53, and 54 (Doc. 57). These motions are hereby **GRANTED**.

## I. BACKGROUND FACTS

On December 13, 2011, Defendants Musgrave and Goldberg were jointly indicted in a 15-count indictment. (Doc. 6). Both Defendants were charged in Count I with conspiracy to engage in wire fraud, bank fraud, and submitting false loan applications in violation of 18 U.S.C. § 1349. (*Id.*) Defendant Musgrave was individually charged in the remaining 14 counts with wire fraud, bank fraud, and submitting false loan applications, in violation of 18 U.S.C. §§ 1343, 1344, and 1014, respectively. (*Id.*)

## II. ANALYSIS

### A. Motions for Discovery and *Brady* Material

Defendants request various discovery pursuant to Fed. R. Civ. P. 16, which allows a defendant to conduct pretrial discovery for five types of information: (1) the defendant's own oral, written, and recorded statements; (2) defendant's prior criminal record; (3) certain documents and objects; (4) certain examination and test reports; and (5) the content and bases of expert testimony upon which the government intends to reply. *See also Brady v. Maryland*, 373 U.S. 83 (1963) (due process requires the prosecution to disclose, upon request, evidence favorable to an accused when such evidence is material to guilt or punishment).

The Government maintains that it provided Defendants with in excess of 8,800 pages of discovery on February 28, March 23, March 40, and April 2, 2012. (Doc. 62 at 4). Moreover, on July 30, 2012, the Government represented that it was in the process of

collecting and producing the following items: (1) relevant e-mails obtained on Jerry Mercer's personal hard drive; (2) relevant case agent notes; (3) relevant emails provided to the government by David Fleming and the corresponding 302 Reports; and (4) the requested e-mails between government agents/and members of the prosecution and prospective witnesses. (*Id.* at 5). Additionally, the Government claims that it has complied with all other discovery requests.[2] (*Id.*) Moreover, there is no indication that discovery is still outstanding, as neither Defendant filed a reply brief stating as much. (Doc. 62 at 3).

The Court finds that the indictment, taken together with the discovery already provided in this case, sufficiently apprises Defendants of the charges against them and will adequately allow them to avoid surprise at trial. Accordingly, based on the legal standard and the Government's responses to Defendants' motions, the motions for discovery (Docs. 43, 52) are **DENIED** as **MOOT**.

**B.     Motions for Grand Jury Transcripts and *Jencks* Material**

Next, Defendants request that the Court order the Government to produce *Jencks* material (*see* 18 U.S.C. § 3500), in advance of trial. The Jencks Act expressly provides that the Government is not obligated to disclose information until after a witness has testified. 18 U.S.C. § 3500(a). Moreover, the Sixth Circuit has repeatedly held that said statute must be followed and, therefore, that the Government cannot be compelled to

---

[2], In fact, the government maintains that it voluntarily provided the defense access to 302 witness interviews and other internal investigative documents.

disclose *Jencks* material prior to trial. *See e.g., United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the [Jencks] Act must be adhered to and, thus, the Government may not be compelled to disclose Jencks Act material before trial.").

Defendants argue that due to the highly technical nature of this case, with over 8,800 pages of discovery, the amount of material which may be provided on the eve of trial is likely to be prejudicially unmanageable. (Doc. 54). Defendants maintain that such information will likely prompt the need for further in depth investigation, for which Defendants should be provided adequate time.[3]

Additionally, Defendants request grand jury transcripts. However, Fed. R. Crim. P. 6(e) "requires a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 418, 443 (1983). There is a presumption that a grand jury was properly convened and that it proceeded properly in returning an indictment. *Costello v. United States*, 350 U.S. 359, 363 (1956). A court should not intervene in the grand jury process absent a compelling reason. *United States v. Dioisio*, 410 U.S. 1, 16-18 (1973).

---

[3] Defendants cite *United States v. Ham* in support of their argument. However, in *Ham*, the Court ordered disclosure of *Jencks* Act material on the last business day before trial (which happened to be four days before trial). The Court did not order such disclosure months before trial. *United States v. Ham*, No. 3:08cr10, 2008 U.S. Dist. LEXIS 80099 (M.D. Tenn. Oct. 9, 2008) (ordering disclosure of Jencks Act material four days before trial, in the absence of any countervailing contention that government witnesses would be endangered or intimidated).

Ultimately, the Court finds that there is no obligation imposed upon the Government to make an early pre-trial disclosure of *Jencks* material. Moreover, Defendants have failed to demonstrate any compelling reason for early disclosure of grand jury material. Accordingly, the motions (Docs. 44, 54) are **DENIED**.

However, the Court requests that *Jencks* material be disclosed the day before the anticipated testimony of a witness for whom *Jencks* material exists.[4] Furthermore, should the material be voluminous or highly technical, the Government shall alert the Court well before trial so that it may determine if the material should be produced at an earlier date.[5]

**C.     Motion for Exculpatory Evidence**

Next, Defendant Goldberg moves the Court for an Order compelling the Government's production of all evidence known or which may become known which is favorable to the Defendant and material to either guilt or punishment. (Doc. 53).

As explained *supra* (Section II, A-B), Defendant's motion (Doc. 53) is **DENIED** as **MOOT**.

---

[4] *See, e.g., United States v. Bush*, CR-3-99-046, 2000 U.S. Dist. LEXIS 21594, at *9 (S.D. Ohio Nov. 2, 2000) (J. Rice) ("It is this Court's experience that the United States Attorney discloses *Jencks* material the day before a witness will be called to testify. Following that normal practice in this case will allow the trial to proceed without the need for frequent interruptions to allow defense counsel to prepare for cross-examination.").

[5] The Government shall not delay trial by producing voluminous and/or highly technical material at the eleventh hour. *See, e.g., United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992) (while *Jencks* permits the Government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the Government to provide the information earlier in appropriate cases in order to prevent delay at trial).

### D. Motion to Exclude Evidence of Goldberg's Other Acts

Next, Defendant Goldberg requests that this Court exclude any evidence of other acts pursuant to Fed. R. Civ. P. 404(b).[6] Specifically, Defendant submits that any evidence presented at trial should be narrowly tailored to the contracted transaction at issue and all other acts should be excluded as prejudicial.

Rule 404(b)(2) states in part:

> On request by a defendant in a criminal case, the prosecutor must:
>
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> (B) do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice.

The Government notes that it is well aware of its notice obligations under Rule 404(b) and intends to comply.[7] (Doc. 64 at 3). However, since the trial in this matter is not scheduled to begin until November 26, 2012, this motion (Doc. 55) is **DENIED** as premature. If necessary, Defendant(s) may refile the motion as a motion in limine at a later date.[8]

---

[6] Rule 404 provides that evidence of a crime, wrong, or other act is not admissible to prove that on a particular occasion, the person acted in conformity therewith. *Id.*

[7] Fed. R. Evid. 404(b) requires that the prosecution provide "reasonable notice" of such evidence in advance of trial or during trial upon good cause shown. *See, e.g., United States v. Corsmeier*, No. 1:06cr76, 2007 U.S. Dist. LEXIS 87215 (S.D. Ohio Nov. 27, 2007) (holding that one week notice of Rule 404(b) evidence constituted "reasonable notice" under Fed. R. Evid. 404(b)).

[8] This Court will provide deadlines for motions in limine, jury instructions, exhibits, etc. closer to trial.

### E. Motion to Take the Deposition of Gary Enz

Next, Defendant Musgrave moves the Court for permission to take the deposition of Gary Enz. (Doc. 59). Depositions are not allowed as a matter of course in criminal cases, but "a party may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). The Court can allow the request in "exceptional circumstances and in the interest of justice." *Id.* However, the movant has the burden of proof to show the witness's unavailability and materiality. *United State v. Cannon*, 475 F.3d 1013, 1022 (8th Cir. 2007). The witnesses' unavailability is defined by Fed. R. Evid. 804(a), which provides that a witness is unavailable if he or she is "absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." *United States v. Warren*, 713 F.Supp. 2d 1, 4 (D.D.C. 2010).

Defendant claims that Mr. Enz is a central witness to the case. (*See* Doc. 59 at 2). He was the Vice President at Mutual Federal Savings Bank ("MFSB") in charge of the transaction that gives rise to the charges in the instant case. (*Id.*) Defendant claims that Mr. Enz has retired from the banking industry, lives in South Carolina, and is of advanced age. (*Id.*) Specifically, Defendant is concerned that Mr. Enz will not be available for trial. (*Id.*)

On March 30, 2012, the Government provided the defense with copies of five

separate written memoranda of Mr. Enz's interviews conducted by the SBA-OIG case agent on August 17, 2010, September 13, 2010, September 28, 2010, October 7, 2010, and April 26, 2011. (Doc. 65, Ex. A). The fact that Mr. Enz resides in South Carolina does not effect his availability or willingness to testify in Dayton. Additionally, the Court can subpoena Mr. Enz if necessary. Fed. R. Crim. P. 17(e). Moreover, the defense has not presented any evidence to indicate that Mr. Enz will be incapable to attend the trial based upon age or health concerns. Accordingly, the defense has failed to carry its burden of demonstrating Mr. Enz's unavailability to attend trial and there is no factual basis upon which to support a claim of "exceptional circumstances."

Accordingly, Defendant's motion to take the deposition of Gary Enz (Doc. 59) is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court finds that:

1. Defendant Musgrave's motion to compel discovery (Doc. 43) is **DENIED** as **MOOT**;

2. Defendant Musgrave's motion for discovery (early *Jencks* and grand jury materials) (Doc. 44) is **DENIED**;

3. Defendant Goldberg's motion for discovery (Doc. 52) is **DENIED** as **MOOT**;

4. Defendant Goldberg's motion to produce exculpatory evidence (Doc. 53) is **DENIED**;

5. Defendant Goldberg's motion to produce *Jencks* Act material and for preservation of agent's notes (Doc. 54) is **DENIED**;

6. Defendant Goldberg's motion to exclude evidence of other acts (Doc. 55) is **DENIED**; and

7. Defendant Musgrave's motion to take the deposition of Gary Enz (Doc. 59) is **DENIED**.

**IT IS SO ORDERED.**

Date: 8/27/12  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge